IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 8, 2016

**GREGORY L. HATTON v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Giles County**
**No. 16104     David L. Allen, Judge**
_____

**No. M2015-01830-CCA-R3-PC – Filed September 6, 2016**
_____

Petitioner, Gregory L. Hatton, pleaded guilty on July 18, 1977, to armed robbery, first degree burglary, two counts of simple kidnapping, assault with intent to commit murder, grand larceny, and rape in the Giles County Circuit Court. The offenses in this case occurred in Maury County, and Petitioner's brief states that a motion for a change of venue had been filed in 1977. Maury and Giles County are in the same judicial district. The trial court imposed an effective sentence of life plus thirty years. *Gregory Hatton v. State*, No. M2000-00756-CCA-R3-PC, 2001 WL 567845 (Tenn. Crim. App. May 25, 2001). He filed a request pursuant to the Post-Conviction DNA Analysis Act of 2001 seeking testing of any physical evidence in his case. The post-conviction court summarily denied relief based upon affidavits from the relevant authorities stating that no physical evidence remained for testing. Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Gregory L. Hatton, Mountain City, Tennessee, *Pro Se*.

Herbert H. Slatery III, Attorney General and Reporter; Leslie E. Price, Senior Counsel; Brent A. Cooper, District Attorney General; and Jonathan Davis, Assistant District Attorney General, for the appellee, State of Tennessee.

OPINION

**Background**

After pleading guilty Petitioner filed a motion for new trial, on February 19, 1981, challenging the validity of his guilty pleas. The trial court treated the motion as a petition for post-conviction relief, appointed counsel, and held an evidentiary hearing. At the conclusion of the hearing, the trial court found that the guilty pleas were knowingly and voluntarily made. This court affirmed the trial court's decision on appeal. *Id.* (citing *State v. Gregory Hatton*, No. 81-275-III (Tenn. Crim. App., at Nashville, Aug. 13, 1982)). On October 21, 1994, Petitioner filed a second petition for post-conviction relief. The trial court appointed counsel, and two amended petitions were filed by Petitioner. *Hatton*, 2001 WL 567845, at *1. The trial court denied the petition concluding that is was barred by the three-year statute of limitations. This court affirmed the trial court's decision. This court also found that Petitioner's claim that his pleas were involuntarily entered was previously determined and that his claim of ineffective assistance of counsel was waived. *Id.* at *2.

Petitioner filed a petition for writ of habeas corpus in 1996 arguing that his rape conviction was void because the indictment failed to allege the *mens rea* of the crime. The trial court denied the petition, and this court affirmed the denial. *Gregory L. Hatton v. State*, No. 02C01-9611-CC-00407, 1997 WL 68357 (Tenn. Crim. App. Feb. 20, 1997).

Petitioner filed a petition for post-conviction DNA analysis on February 15, 2013. On December 2, 2013, Petitioner filed a request for discovery of items that could be tested for DNA. In response to Petitioner's request, various prosecuting authorities responded that they had no physical or blood evidence from Petitioner's case. In a letter filed on August 6, 2014, the Federal Bureau of Investigation (FBI) stated that evidence was turned over to the Columbia Police Department. The Tennessee Bureau of Investigation (TBI) indicated that it had no relevant evidence in Petitioner's case. William Doelle, an officer with the Maury County Drug Task Force, filed an affidavit indicating that he had searched the files at the Columbia Police Department, the Maury County Sheriff's Department, and the Maury County Courthouse, but found no physical evidence related to Petitioner's case. Ashley Blair, a paralegal with the Giles County District Attorney's Office, filed an affidavit stating that all records of Petitioner's case located in possession of the district attorney's office had been destroyed. Assistant District Attorney General Larry Nickell also sent a letter indicating that items collected in Petitioner's case were sent to the FBI for examination "thirty-seven (37) years ago" and then returned to the various agencies that sent the evidence. Mr. Nickell detailed the lengthy process involved in the search for the evidence, and then noted that no files relating to petitioner's case could be located. He also pointed out in the letter that

Petitioner's fingerprints were found at the scene in 1977, and Petitioner confessed to all of the charges except the rape. Additionally, Giles County Circuit Court Clerk Crystal Greene filed an affidavit stating that there was no physical evidence in Petitioner's court files.

The post-conviction court appointed counsel to represent Petitioner on his petition for post-conviction DNA analysis, and on May 18, 2015, Petitioner filed a second *pro se* request for discovery. The post-conviction court later allowed counsel to withdraw from Petitioner's case. In an order dated August 25, 2015, the post-conviction court summarily dismissed the petition for post-conviction DNA analysis. The court found that there was no evidence still in existence upon which DNA analysis could be conducted. The court further explained that a search of records from the FBI, TBI, Columbia Police Department, Maury County Sheriff's Department, the District Attorney's Office, and the Giles County Clerk's Office failed to yield any physical or blood evidence relating to Petitioner's case.

**Analysis**

Petitioner argues that the post-conviction court erred by summarily dismissing his petition for post-conviction DNA analysis. However, we find that the court properly dismissed the petition.

Tennessee Code Annotated sections 40-30-301-313 (2012), The Post-Conviction DNA Analysis Act of 2001, establishes the right of a defendant convicted of certain offenses including first degree murder, second degree murder, aggravated rape, rape, aggravated sexual battery or rape of a child to petition for the DNA analysis of "any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court, and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence." T.C.A. § 40-30-303.

In order to obtain DNA testing under the Post-Conviction DNA Analysis Act, Petitioner must satisfy the standards set forth in either Section 304 or 305 of the Act. Section 304 *mandates* testing where the post-conviction court finds:

(1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis;

(2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;

3

(3) The evidence was never previously subjected to DNA analysis, or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and

(4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

T.C.A. § 40-30-304(1)-(4) (2012).

A presumption exists that the evidence yielded by a DNA analysis would be favorable to the petitioner, and a court *may* order a DNA analysis if a petitioner has met each of the conditions set forth in Section 305 of the Act. *See Eddie Lee Murphy, Sr. v. State*, No. M2015-01258-CCA-R3-PC, 2016 WL 520583, at *2 (Tenn. Crim. App. Feb. 10, 2016). Section 305 also provides that the post-conviction court may in its *discretion* order DNA analysis if

(1) A reasonable probability exists that analysis of the evidence will produce DNA results that would have rendered the petitioner's verdict or sentence more favorable if the results had been available at the proceeding leading to the judgment of conviction;

(2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;

(3) The evidence was never previously subjected to DNA analysis, or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and

(4) The application for analysis was made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

Tenn. Code Ann. § 40-30-305 (1)-(4)(2012). The post-conviction court is afforded considerable discretion in determining whether to grant a petitioner relief under the Act, and the scope of appellate review is limited. *See Sedley Alley v. State*, No. W2004-01204-CCA-R3-PD, 2004 WL 1196095, at *3 (Tenn. Crim. App. May 26, 2004). DNA testing must be ordered if a "reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained[.]" *Id.* § 40-

4

30-304(1) (2014). A petitioner must prove all four conditions in order to obtain relief. *See State v. Powers,* 343 S.W.3d 36, 48 (Tenn.2011). The failure to prove any one of the four criteria is fatal to a petitioner's claim. *William D. Buford v. State*, No. M2002-02180-CCA-R3-PC, 2003 WL 1937110, at *6 (Tenn. Crim. App., April 24, 2003).

In this case, Petitioner cannot meet the second factor of section 304 or 305 because there is no evidence in existence on which to perform a DNA analysis. As pointed out by the post-conviction court, a search of records from the FBI, TBI, Columbia Police Department, Maury County Sheriff's Office, the District Attorney's Office, and the Giles County Circuit Court Clerk's Office failed to yield any physical or blood evidence relating to Petitioner's case as outlined in the affidavits and letters submitted to the court. The letter to the post-conviction court from Larry Nickell of the Giles County District Attorney's Office detailed the efforts to locate any physical evidence in Petitioner's case. For this reason alone, the trial court properly dismissed the petition for post-conviction DNA analysis. *See Johnny Phelps v. State*, E2005-02405-CCA-R3-PC, 2006 WL 2328661, at *3 (Tenn. Crim. App. Aug. 11, 2006)(upholding the denial of the petition for post-conviction DNA analysis where the State specifically "outlined the steps of this investigation," including conversations with local law enforcement and the TBI, and states that it had been "unable to locate any biological evidence.").

Additionally, Petitioner asserts that the State had a duty to preserve the physical evidence for testing. However, this court has refused to extend the holding in *State v. Ferguson*, 2 S.W.3d 912 (Tenn. 1999) to cases brought under The Post-Conviction DNA Analysis Act of 2001 where a petitioner's convictions predated implementation of the Act. In this case, Petitioner's convictions occurred in 1977 well before the Act was implemented. *See State v. Terrance Wilks*, No. W2014-02304-CCA-R3-PC, 2015 WL 5719926, at *5 (Tenn. Crim. App. Sept. 30, 2015); *Tommy Nunley v. State*, No. W2003-02940-CCA-R3-PC. 2006 WL, at *6 n. 3(Tenn. Crim. App. Jan. 6, 2006); and *Edward Thompson v. State*, No. E2003-01089-CCA-R3-PC, 2004 W: 911279, at *2 (Tenn. Crim. App. Apr. 29, 2004). "These cases reflect the sound policy that it would be 'an unreasonable burden on the State to forever preserve each article of evidence collected in every investigation on the chance that it may later be called upon for further analysis.'" *Wilks, Id.* (*Citing Ashad R.A. Muhammad Ali v. State*, No. M2005-01137-CCA-R3-PC, 2006 WL 1626652, at *3 (Tenn. Crim. App. June 2, 2006).

Based on the record, we affirm the judgment of the post-conviction court.

_____
THOMAS T. WOODALL, PRESIDING JUDGE